UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
------------------------------------------------------x
FRANCIS FALLS,                                        :
an individual,                                        :    CASE NO.:
                                                      :
            Plaintiff,                                :    Judge:
                                                      :
vs.                                                   :    Magistrate Judge:
                                                      :
                                                      :
CHECK MART OF LOUISIANA, INC.,                        :
                                                      :
                                                      :
            Defendant.                                :
------------------------------------------------------x
```

# COMPLAINT

Plaintiff, FRANCIS FALLS, by and through his undersigned counsel, hereby files this Complaint and sues CHECK MART OF LOUISIANA, INC. ("DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, FRANCIS FALLS, (hereinafter referred to as "MR. FALLS"), is a resident of Orleans Parish, Louisiana.

4. MR. FALLS is a qualified individual with a disability under the ADA. MR. FALLS is afflicted paraplegia as a result of a spinal injury.

5. Due to his disability, MR. FALLS is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, DEFENDANT is a corporation incorporated in the State of Louisiana and doing business in Orleans Parish.

7. Upon information and belief, DEFENDANT is the operator of the real properties and improvements which are the subject of this action, to wit: Money Mart, located at 3150 Gentilly Boulevard, New Orleans, LA 70122 (hereinafter referred to as "the Property").

8. Upon information and belief, DEFENDANT operates a check cashing and financial services operation out of the Property.

9. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

10. MR. FALLS realleges and reavers Paragraphs 1 - 9 as if they were expressly restated herein.

11. The Property is a place of public accommodation, subject to the ADA, generally located at: 3150 Gentilly Boulevard, New Orleans, LA 70122.

12. The Property is a place of public accommodation and DEFENDANT offers check cashing and financial services out of the Property.

13. Upon information and belief, on or about January 11, 2016, MR. FALLS visited the Property out of a desire to utilize the services offered at the Property.

14. During the Visit to the Property, MR. FALLS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 21 of this Complaint.

15. Specifically, MR. FALLS was unable to enter the Property as a result of a step at the entrance and the lack of a corresponding ramp.

16. As a result of DEFENDANT'S failure to install a ramp or to provide an alternative accommodation or means of entrance, MR. FALLS is unable to enter the Property to utilize the services and accommodations offered by DEFENDANT, including the financial services offered by DEFENDANT.

17. Upon information and belief, MR. FALLS specifically asked DEFENDANT to provide an accommodation and the employee and/or agent of DEFENDANT refused to accommodation MR. FALLS and insisted that he visit another store.

18. MR. FALLS continues to desire to visit the Property and utilize the accommodations offered therein, but he knows that he will be unable to enter the building and the DEFENDANT will not accommodation his disability.

19. MR. FALLS intends to and will regularly visit the Property to determine whether the barriers to access have been removed, but until said barriers are removed MR. FALLS fears that he will not be able to benefit from the accommodations and services which are offered at the Property.

20. MR. FALLS also intends on traveling to the Property as an ADA tester in the near future to see if the barriers to access described in Paragraph 21 still exist or have been modified.

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. FALLS due to, but not

limited to the following barriers which MR. FALLS personally observed and/or encountered which hindered his access:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.    The entrance into the Property is inaccessible as a result of an approximately 4-6 inch step.

    B.    There is no vertical signage in the parking lot.

    C.    DEFENDANT has failed to designate an alternative means through which the goods, services, and accommodations can be utilized by persons with mobility related impairments at the Property.

    D.    Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though their removal is readily achievable.

23. MR. FALLS demands a full and complete inspection of this Property for all mobility-related ADA barriers.

24. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25. Upon information and belief, removal of the barriers to access located at the Property would provide MR. FALLS an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

26. Independent of his intent to return as a patron to the Property, MR. FALLS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27. MR. FALLS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. FALLS is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. FALLS demands judgment against DEFENDANT, and requests the following relief:

 A. That this Court declare that the Property operated by DEFENDANT is in violation of the ADA;

 B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the DEFENDANT bring its policies and actions into compliance with the ADA;

 C. That this Court enter an Order directing DEFENDANT to alter its policies, procedures, and practices to make sure that the Property is accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

 D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. FALLS; and

 E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Garret S. DeReus
      GARRET S. DEREUS

6