UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

FRANCIS FALLS                                        CIVIL ACTION

V.                                                   NO. 16-3785

CHECK MART OF LOUISIANA, INC.                        SECTION "F"

                            ORDER AND REASONS

   Before the Court is the plaintiff, Francis Falls', motion to strike the sixth affirmative defense from defendant Check Mart of Louisiana Inc.'s answer. For the reasons that follow, the motion is GRANTED.

                              **Background**

   Francis Falls, a wheelchair-bound paraplegic, brings this action seeking declaratory and injunctive relief against Check Mart of Louisiana, Inc. Falls asks the Court to declare that Check Mart's business on Gentilly Boulevard in New Orleans violates the Americans with Disabilities Act and to order Check Mart to make the business accessible to disabled patrons.

   In its answer to the plaintiff's complaint, Check Mart asserts ten affirmative defenses. In this motion, Falls invokes Rule 12(f) of the Federal Rules of Civil Procedure to strike Check Mart's sixth affirmative defense as legally insufficient, impertinent, and/or redundant.[1] The defense states:

---

[1] Falls contends that eight of the ten affirmative defenses fail as a matter of law, but he only moves to strike the sixth defense here, which he describes as "particularly egregious."

                                    1

>    Check Mart asserts any and all statutory defenses, requirements, elements and legal burdens of proof under the American With Disabilities Act, as amended, and under any and all applicable regulations promulgated thereto or thereunder. Check Mart further asserts any and all statutory requirements under the Americans With Disabilities Act, as amended, and any regulations pursuant thereto or related thereto.

Falls submits that this defense fails as a matter of law because it provides "absolutely no notice of what issues Defendant may actually raise at trial."

Without offering a substantive justification for the defense, Check Mart simply urges that the plaintiff endures a heavy burden to succeed on a 12(f) motion to strike, and the plaintiff has failed to overcome that burden here.

I.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may act on its own or on motion of a party. Fed. R. Civ. Proc. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982).

Rule 8 of the Federal Rules of Civil Procedure sets the pleading requirements for responsive pleadings: a party must

"state in short and plain terms its defenses to each claim asserted against it." The Fifth Circuit instructs, "An affirmative defense is subject to the same pleading requirements as the complaint." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). Thus, the defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Id.

II.

Check Mart's sixth affirmative defense falls flagrantly short of satisfying the requisite pleading standard. Effectively, the defense states: "Check Mart asserts any and all conceivable defenses." This is the opposite of specific. And it clearly fails "to give the plaintiff 'fair notice' of the defense that is being advanced." See id. Accordingly, Falls' motion to strike the defense is GRANTED.

IT IS ORDERED that Check Mart's sixth affirmative defense is stricken. Check Mart shall have fourteen days to amend its answer to assert its defenses properly.

New Orleans, Louisiana, August 1, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE